UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CURTIS W. WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) 16-CV-2080 |
| | ) |
| SHERIFF JEFF WOODS, JAIL ADMINISTRATOR JOHN RAMSEY, OFFICER RICKY WILSON, DEPUTY METCALF, DEPUTY NEAL, FORMER SHERIFF MOTLEY, | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff proceeds pro se from his incarceration in Pinckneyville Correctional Center. He challenges the conditions of the Edgar County Jail during his detention there on various dates in 2014 and 2015.

Plaintiff's complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th

Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## Allegations

Plaintiff alleges that, during his stay at the Edgar County Jail on various dates in 2014 and 2015, black mold covered the shower area, dripping onto him when he showered; he developed a fungal infection; the sinks did not work; the cells were frigid; he was locked in a cell with no drinkable water or flushable toilet for 11 days; and, he slipped stepping out of the shower, breaking three ribs, due to the conditions and no slip guards. Plaintiff alleges that the jail had already been reported as uninhabitable in the local newspaper and that detainees at the Jail were supposed to be moved to other jails but were not.

Plaintiff also alleges that on February 2, 2015, Officer Wilson ordered the detainees to use the stairs instead of the elevator, even though the detainees were wearing leg shackles. Plaintiff tripped and injured himself, allegedly suffering nerve damage that persists.

Additionally, from July 3, 2015 to July 24, 2015, Sheriff Woods allegedly refused to allow Plaintiff to post property to satisfy his bond unless Plaintiff's property was worth $80,000, even though bond had been set at 10% of $40,000, or $4,000.

Lastly, on November 13, 2015, Plaintiff asked for mental health treatment when he was booked into the jail. He alleges that he suffered from post-traumatic stress disorder and depression. Plaintiff was transferred to the Illinois Department of Corrections before he could receive mental health care. Plaintiff's criminal cases show that he was sentenced on November 20, 2015, and the IDOC website shows that he was admitted into the IDOC on November 25, 2015, which was 12 days after his admission to the Jail. People v. Wilson, 2015CF8 (Edgar County, www.judici.com); People v. Wilson, 2015CF76 (Edgar County, www.judici.com); www.illinois.gov/idoc (inmate locator).

## Analysis

Plaintiff states an arguable claim that the jail conditions violated constitutional standards. He essentially alleges that the jail was uninhabitable, and the Defendants' positions at the jail allow an inference that they knew of the conditions and failed to

take action.[1]  Smith v. Dart, 803 F.3d 304 n. 2 (7th Cir. 2015)(to state a conditions of confinement claim, conditions must be objectively serious and defendants must have "sufficiently culpable state of mind.").  This claim will proceed against the former and current Sheriffs and the Jail Administrator.  Edgar County will be added as a necessary party for purposes of indemnification.  Carver v. Sheriff of LaSalle County, Illinois, 324 F.3d 947, 948 (2003).

Plaintiff also states a possible claim for the deprivation of his liberty without due process, based on Sheriff Woods' alleged imposition of a bond requirement that exceeded what the court had ordered.

On Plaintiff's claim against Officer Wilson about the stairs, a constitutional claim arises only if Officer Wilson consciously put Plaintiff at a substantial risk of serious harm by ordering Plaintiff to use the stairs while wearing shackles.  No plausible inference arises on these allegations that Officer Wilson knew of and disregarded a substantial risk of harm to Plaintiff—negligence is not enough.[2]

---

[1] Some of the alleged conditions might not be serious enough to violate constitutional standards, such as a slippery shower floor, but the totality of the conditions alleged by Plaintiff satisfies notice pleading standards.  See Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir.1996) (standing water in shower was not an excessive risk to safety).

[2] Even if Plaintiff could state a constitutional claim against Officer Wilson, the claim would need to proceed in a separate lawsuit, with Plaintiff paying a separate filing fee because the claim against Officer Wilson is unrelated to

Rosario v. Brawn, 670 F.3d 816, 822 (7th Cir. 2012)(deliberate indifference is more than negligence or gross negligence).

The Court also cannot discern a constitutional claim arising from the alleged lack of mental health treatment for twelve days during his November detention. These allegations are too conclusory to allow a plausible inference that Plaintiff's mental health needs were so serious that treatment was required within those 12 days or that any of the named Defendants were deliberately indifferent to a known and serious mental health need of Plaintiff.

Lastly, Plaintiff does not explain how Officer Cody, Deputy Neal, or Chief Deputy Metcalf were personally involved in any of the alleged misconduct. Officer Cody was present when Plaintiff walked up the stairs in shackles at Officer Wilson's direction, but, as discussed above, Plaintiff states no claim against Officer Wilson. As for Deputy Neal or Chief Deputy Metcalf, Plaintiff may be including them on his conditions of confinement claim, but Plaintiff is already proceeding against the sheriffs and the jail administrator on that

---

Plaintiff's conditions of confinement claim. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)("Unrelated claims against different defendants belong in different suits . . .").

claim. Plaintiff does not explain how a deputy or chief deputy had the power to change the jail conditions.

**IT IS ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim that the jail conditions he experienced in the Edgar County Jail in 2014 and 2015 violated constitutional standards. This claim proceeds against: Sheriff Woods, former Sheriff Motley, and Jail Administrator John Ramsey, in their individual and official capacities. This case proceeds solely on the claim identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Edgar County is added as a necessary party.

3) Plaintiff's claim against Defendant Wilson is dismissed, without prejudice, for failure to state a claim.

4) Plaintiff's claim regarding his lack of mental health care is dismissed, without prejudice, for failure to state a claim.

5) Defendants Cody, Neal, and Metcalf are dismissed, without prejudice, for the failure to state a claim against them.

6) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

7) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

8) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said

Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

10) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not

filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

11) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

12) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

13) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant

to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

14) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

15) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

16) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

17) **The clerk is directed to add Edgar County as a necessary party.**

18) **The clerk is directed to terminate Defendants Wilson, Cody, Neal, and Metcalf.**

19) **Plaintiff's motion for counsel is denied (4), with leave to renew** after Plaintiff demonstrates that he has made reasonable efforts to find counsel on his own. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several

lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

FOR THE COURT:    6/15/16

                                        **s/Michael M. Mihm**
                                        MICHAEL M. MIHM
                                        UNITED STATES DISTRICT JUDGE